IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Lewis T. Babcock

Civil Action No. 11-cv-00249-LTB

DANIEL L. DENNY,

      Applicant,

v.

SUSAN JONES, and
JOHN W. SUTHERS, the Attorney General of the State of Colorado,

      Respondents.

---

ORDER TO DISMISS IN PART AND FOR ANSWER

---

Applicant, Daniel L. Denny, is in the custody of the Colorado Department of Corrections (DOC) and currently is incarcerated at the Colorado State Penitentiary in Cañon City, Colorado.  Mr. Denny, acting *pro se*, initiated this action by submitting to the Court an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.  Mr. Denny is challenging the validity of his conviction and sentence in Case Nos. 06CR3887 and 07CR257 in the Adams County District Court.

The Court must construe liberally the Application filed by Mr. Denny because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.

## I.     Background and State Court Proceedings

Mr. Denny asserts that he pled guilty to two counts of second degree burglary charges in Adams County District Court Case Nos. 06CR3887 and 07CR257.  Before sentencing, Mr. Denny filed a Colo. R. Crim. P. 32(d) motion to withdraw his guilty

pleas.  The trial court denied the motion and sentenced him to twenty years of

incarceration in the DOC.  Mr. Denny appealed, but the Colorado Court of Appeals

affirmed the trial court's denial.  *See State of Colo. v. Denny*, No. 08CA2387 (Colo. App.

Oct. 22, 2009).  Mr. Denny filed a petition for certiorari review that was denied on

February 8, 2010.  Pre-Answer Resp. at Exs. G and H.

Mr. Denny then submitted an Application for a Writ of Habeas Corpus Pursuant

to 28 U.S.C. § 2254 to this Court on January 7, 2011.  Mr. Denny asserts three claims in

the Application, including: (1) the trial court erred in denying his Rule 32(d) motion

because he had shown fair and just reason for withdrawal of his plea based on trial

attorney's coercion to plead guilty and the prosecution's failure to argue prejudice in a

withdrawal; (2) the trial attorney told the court that he waived the factual basis of the

plea when he had not, the prosecution did not stipulate to the lack of a factual basis in

the plea, and appellate counsel failed to submit a transcript of the providency hearing to

the appeals court; and (3) the trial court abused its discretion in denying the Rule 32(d)

motion because he had shown a fair and just reason for withdrawal of his plea, and he

had a constitutional right to go to trial.

## II.     Exhaustion and Procedural Default

On February 23, 2011, Magistrate Judge Boyd N. Boland entered an order

directing Respondents to file a Pre-Answer Response and address the affirmative

defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court

remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both

of those defenses.  Respondents filed a Pre-Answer Response on March 16, 2011.  Mr.

Denny failed to reply to the Pre-Answer Response.  Respondents concede in the Pre-

Answer Response that Mr. Denny's Application is timely and Claims One and Three are

exhausted, but they argue that Claim Two is unexhausted in part and procedurally defaulted in part.

It is clear from the state court record that the factual basis issue in Claim Two is procedurally defaulted. Mr. Denny should have raised this claim in his Colo. R. Crim. P. 32(d) motion. Under Colo. R. Crim. P. 35(c)(VI) and (VII) the claim now is barred in state court as successive. Although a procedural default may be excused if Mr. Denny is able to show cause and actual prejudice or a fundamental miscarriage of justice, he has failed to do so. The factual basis claim, therefore, is barred in a federal habeas action. The ineffective assistance of appellate counsel claim, however, is not barred, because Mr. Denny has remedies available in state court to address this claim.

Because Mr. Denny is asserting both exhausted and unexhausted claims the action is subject to dismissal as a mixed petition pursuant to *Rose v. Lundy,* 455 U.S. 509, 522 (1982). Therefore, on April 19, 2011, Magistrate Judge Boland ordered Mr. Denny to show cause why the Application should not be denied as a mixed petition. Magistrate Judge Boland informed Mr. Denny that, in order to avoid dismissal of a habeas application as a mixed petition, he may elect to dismiss any unexhausted claims and pursue only those claims that have been exhausted in state court. He also was instructed that if he desired to pursue all of his claims in federal court the habeas action would be dismissed without prejudice so that he could exhaust his state remedies and then file a new application for a writ of habeas corpus.

Mr. Denny was further instructed that a decision to dismiss unexhausted claims and immediately pursue only exhausted claims likely would bar him from seeking review of the unexhausted claims in a second or successive application. *See* 28 U.S.C. § 2244(b). Alternatively, if he elected to dismiss the entire action and return to state

court to exhaust the unexhausted claims before seeking relief in federal court, the

one-year limitation period in § 2244(d) would be applied to any new federal court action

he sought to file.  Furthermore, the time during which this application is pending in this

Court does not toll the one-year limitation period in § 2244(d).  *See Duncan v. Walker*,

533 U.S. 167, 181-82 (2001) (holding that "an application for federal habeas corpus

review is not an 'application for State post-conviction or other collateral review' within

the meaning of 28 U.S.C. § 2244(d)(2)" and "therefore did not toll the limitation period

during the pendency of [an applicant's] first federal habeas petition").  Also, the fact that

the instant action currently is timely under § 2244(d) does not mean that any future

action filed by Mr. Denny also will be timely.

**III.  Conclusion**

Mr. Denny was afforded thirty days to show cause why the instant action should

not be dismissed as a mixed petition.  On April 25, 2011, Mr. Denny filed a Response to

Order to Show Cause.  In the Response, Mr. Denny states that he will voluntarily

dismiss the unexhausted claims.  The Court, therefore, will dismiss Claim Two as

unexhausted in part and as procedurally barred in part.  Accordingly, it is

ORDERED that Claim Two is dismissed as set forth above.  It is

FURTHER ORDERED that within thirty days Respondents are directed to file an

Answer in compliance with Rule 5 of the Rules Governing Section 2254 Cases that fully

addresses the merits of Claims One and Three.  It is

FURTHER ORDERED that within thirty days of the filing of the Answer Applicant

may file a reply, if he desires.  It is

FURTHER ORDERED that within thirty days from the date of this Order the

Respondents shall file with the Clerk of the Court, in electronic format if available, a

copy of the complete record of Mr. Denny's state court proceedings in Case Nos.

06CR3887 and 07CR257, including all documents in the state court file and transcripts

of all proceedings conducted in the state court, but excluding any physical evidence (as

opposed to documentary evidence) not relevant to the asserted claims.  It is

FURTHER ORDERED that the Clerk of the Court is directed to send copies of

this Order to the following:

(1)     Clerk of the Court
        Adams County District Court
        Adams County Justice Center
        1100 Judicial Center Drive
        Brighton, Colorado 80601;

(2)     Assistant Solicitor General
        Appellate Division
        Office of the Attorney General
        1525 Sherman Street
        Denver, Colorado  80203; and

(3)     Court Services Manager
        State Court Administrator's Office
        101 W. Colfax, Ste. 500
        Denver, Colorado  80202

DATED at Denver, Colorado, this __29th__ day of __April_____, 2011.

BY THE COURT:


  s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Judge
United States District Court